## ELIZA B. WOODWARD *versus* LABAN GATES.

Where, in the return of an extent of an execution upon the land of the debtor,
the sheriff returned " *the said debtor being absent I have chosen E. W.
an appraiser for the debtor*," it was held that such appraiser was not le-
gally appointed, and that the return was insufficient.

THIS was a writ of entry, in which the demandant
counted upon her own seizin of a parcel of land in Han-
over, and upon a disseizin by the tenant.

The cause was tried here upon the general issue, at
November term, 1828, when it was admitted that the
tenant was once seized of the demanded premises. The
demandant then offered in evidence, a deed of the ten-
ant, dated April 3, 1800, purporting to convey the same
premises to D. Schofield and N. Cobb, in fee. She then
offered in evidence a judgment in favor of her late hus-
band, W. H. Woodward, against N. Cobb, rendered by
the court of common pleas in this county, at February
term, 1813, for $83,58 debt, and 15,38 costs, and an execu-
tion issued on that judgment, and extended upon an un-
divided half of the demanded premises, on the 15th Feb-
ruary, 1814. In the return of the extent the appraisers
were stated to have been appointed as follows :—

"James Poole was appointed and chosen by the said
Hutchinson, (the creditor's attorney,) as an appraiser
for the creditor ; Ebenezer Woodward was appointed
and chosen appraiser for the debtor, the said debtor be-
ing absent, I have chosen the said Woodward for N.
Cobb, the debtor, and Samuel Alden was appointed and
chosen appraiser on my part."

She then produced and gave in evidence, the will of the said W. H. Woodward, duly proved and allowed, by which all his real estate was devised to the demandant and also all his personal estate and choses in action.

She then showed another judgment, rendered in an action of debt upon the said former judgment in favor of herself, as executrix of the said W. H. Woodward, against the said N. Cobb, and an execution issued on the last judgment and extended upon an undivided half of the same land, July 5, 1822. In the return of this last extent, the appraisers are stated to have been appointed precisely in the same manner as in the return of the first extent

A verdict was taken by consent for the demandant, subject to the opinion of the court upon the foregoing case.

*Bell*, for the demandant.

*J. Parker*, for the tenant.

*By the court*. The question in this case is, whether the returns under which the demandant claims the land are in law sufficient to show valid extents? The objection is, that the debtor was not notified to choose an appraiser, and that no good reason is stated why he was not notified.

Where, in the return of an extent, the officer stated that the debtor " being out of the state and in parts unknown, and not being to be found so that he might be notified," he, the officer, appointed an appraiser for the debtor, the extent was held to be valid.

So where the officer stated that the debtor not being within this state nor within his knowledge, he appointed an appraiser for the debtor, the return was held to be sufficient.

But where the officer stated that he chose an appraiser for the debtor, " the debtor neglecting to choose a man," the return was held to be insufficient.

In the case now before us, it is not stated in the returns, that the debtor was absent from the state, nor that he was not within the knowledge of the officer. For ought that appears, he may have been actually resident in the town of Hanover at the time the extents were made. All, which the returns indicate, is, that he was not with the officer, when the appraisers were chosen. The returns are clearly insufficient.

*Verdict set aside.*